In the Matter of the Accounting of PERCY J. SMITH et al., as Executors of WILLIAM E. ABELE, Deceased, Respondents. COMMISSIONER OF WELFARE OF THE CITY OF NEW YORK, Appellant; LAFAYETTE NATIONAL BANK OF BROOKLYN IN NEW YORK, as Substituted Trustee under the Will of WILLIAM E. ABELE, Deceased, et al., Respondents.— The commissioner of welfare of the city of New York filed a claim against this decedent's estate in the amount of $9,614.23, representing moneys in the total amount of $8,437.44 actually paid out as public assistance for six grandchildren of the testator during the latter's lifetime, and a proportion of the cost of administering the welfare department of the city, the proportion amounting to

$1,176.79. The claim, rejected by the executors, has been allowed by the Surrogate to the extent of $1,750, plus costs and disbursements, the said $1,750 being based on a rate of $10 a week for the 175 weeks that the assistance was given. The appeal is by the said commissioner from a decree of the Surrogate's Court of Kings County, settling the final account of the executors insofar as it so limits the allowance of the claim. Decree modified on the law and the facts by striking out the first decretal paragraph thereof, which fixes the "fair and reasonable charge" for the said assistance in the amount of $1,750; by striking the following from the second decretal paragraph: "Seventeen Hundred Fifty Dollars ($1,750)" and "inclusive of administration expenses," and by substituting, in lieu of the first of the said two passages struck from said paragraph, the following: "Eight Thousand Four Hundred Thirty-seven and 44/100 Dollars ($8,437.44)"; by striking out the following: "$20,430.05" and by substituting in lieu thereof, the figures "$13,742.61." As so modified, the decree, insofar as appealed from, is unanimously affirmed, with costs to all parties filing briefs, payable out of the estate. The grandchildren were supported by the appellant from June of 1943, until the date of the testator's death, October 19, 1946, except that support for one of the children ceased on December 12, 1945. It has been stipulated that throughout that entire period of time the testator owned certain stocks and bonds and maintained certain bank accounts, which had a total average value of $18,800 in 1943, $19,800 in 1944, $24,400 in 1945, and $25,000 in 1946, and which had a total value of $25,061.01 at the time of his death. It was also stipulated that the testator's net income in 1944 was $1,067.13, in 1945, $1,582.87, and in 1946, $1,352.35. The testator was responsible for the support of the grandchildren "if of sufficient ability" (Social Welfare Law, § 101, subd. 1) and an action could be brought by the appellant against the testator's estate, if the testator was thus liable, to recover the cost of the assistance up to the value of the property left by him. (Social Welfare Law, § 104, subd. 1.) In our opinion, the testator was of sufficient ability to support the grandchildren and, therefore, the appellant was entitled to recover the cost of the assistance. However, so much of the claim as is for administration costs may not be allowed. There is no authority which permits a computation based on a formula of a proportion of the cost of conducting the appellant's department. Present — Sneed, Wenzel and MacCrate, JJ.; Adel, J., concurs in result, being of the opinion that under the statute liability is based on a person's means existing within ten years after the relief is provided, irrespective of the sufficiency of the means at the time that the relief is granted. Nolan, P. J., not voting.